IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT

THE OHIO STATE UNIVERSITY
MORITZ COLLEGE OF LAW
CIVIL CLINIC, et al.,

        Plaintiffs,        Case No. 2:14-cv-2329
v.        JUDGE GREGORY L. FROST
        Magistrate Judge Elizabeth P. Deavers

UNITED STATES CUSTOMS
AND BORDER PROTECTION,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's motion to transfer venue (ECF No. 10), Plaintiffs' motion in opposition (ECF No. 15), and Defendant's reply memorandum (ECF No. 17). For the foregoing reasons, the Court **GRANTS** the motion and transfers this case to the United States District Court for the Northern District of Ohio.

**I.    BACKGROUND**

In August of 2014, Plaintiffs The Ohio State University Moritz College of Law Civil Clinic ("OSU") and Advocates for Basic Legal Equality ("ABLE") filed a Freedom of Information Act ("FOIA") request pursuant to 5 U.S.C. § 552. Specifically, Plaintiffs sought documents reflecting certain practices and procedures that Defendant United States Customs and Board Protection ("CBP") uses at its Sandusky Bay, Ohio location. Plaintiffs allege that these policies and procedures will shed light on alleged racial and ethnic profiling, which is the subject of a related lawsuit currently being litigated in the United States District Court for the Northern District of Ohio. *See* ECF No. 1 ¶ 2, 10–11 (citing *Muñiz-Muñiz v. United States Border Patrol*, 741 F.3d 669 (6th Cir. 2013)).

1

Plaintiff ABEL, located in Toledo, Ohio, represents the plaintiffs in the *Muñiz-Muñiz* litigation. Plaintiffs allege that, "[d]uring discovery in *Muñiz*, [they] obtained documents that they believe support [the] profiling allegations" that form the basis of their FOIA request. (*Id*. ¶ 11.) These profiling allegations allegedly support Plaintiffs' request to waive the search, review, and duplication fees associated with their FOIA request.

CBP failed to respond to Plaintiffs' FOIA request within the statutory deadlines. Plaintiffs therefore filed this lawsuit seeking "injunctive relief compelling the release and disclosure of the requested agency records." (*Id*. ¶ 22.)

Defendant now moves to transfer this case to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). In support of its motion, Defendant argues that Plaintiff ABEL has been litigating the *Muñiz-Muñiz* case for more than five years in the Northern District, that the *Muñiz-Muñiz* litigation is "extensive, with more than 220 docket entries on a 40-plus page docket sheet," (ECF No. 10, at PAGEID # 38), and that many filings in the *Muñiz-Muñiz* litigation (which allegedly are related to Plaintiffs' FOIA request) are filed under seal subject to a protective order. Plaintiffs oppose Defendant's motion.

**II.    DISCUSSION**

    **A.    Standard Involved**

Section 1404(a) provides, in pertinent part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The threshold question under § 1404(a) is whether the action "might have been brought" in the transferee court. *Id*.; *see also Kay v. Nat'l City Mortg. Co.,* 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007).

Once this threshold inquiry is satisfied, the Court must consider the private interests of the parties, including the convenience to them and to potential witnesses. *Kay*, 494 F. Supp. 2d at 849. Plaintiff's choice of venue, access to evidence, and other practical problems also are relevant to the Court's analysis of this factor. *Id.*

The Court then must consider other public interest concerns, such as systemic integrity, fairness, and general interests of justice. *Id.* This factor encompasses the transferor court's interest in resolving the issue, docket congestion, and familiarity with the controlling law. *See id.*; *Moses v. Bus. Card. Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 948–49 (S.D. Ohio 2002).

The moving party bears the burden of establishing the need for transfer. *Jamhour*, 211 F. Supp. 2d, at 948 (citing *Mead Data Cent., Inc. v. W. Publ'g Co.*, 679 F. Supp. 1455, 1457 (S.D. Ohio 1987)). After considering all relevant factors, the balance of convenience "should be strongly in favor of a transfer before such will be granted." *First Bank of Marietta v. Bright Banc Sav. Assocs.*, 711 F. Supp. 893, 896–97 (S.D. Ohio 1988).

### B. Analysis

The parties agree that the threshold issue under § 1404(a) is satisfied in this case. Because FOIA's venue provision would have permitted Plaintiffs to bring this case in the Northern District of Ohio, *see* 5 U.S.C. § 552(a)(4)(B), the Court agrees with the parties and proceeds to analyze the remaining factors of § 1404(a).

Regarding the second factor, the Court agrees with Defendant that the parties' interests weigh in favor of transfer. Sandusky Bay is located in the Northern District of Ohio; hence the reason the *Muñiz-Muñiz* litigation is proceeding in that District. Two of the three parties to this litigation, as well as the documents responsive to Plaintiffs' FOIA request, are located in the

Northern District of Ohio. Moreover, because the documents sought in Plaintiffs' FOIA request contain potentially sensitive information, *in camera* review is a distinct possibility. Such review could require sending a representative from the Sandusky Bay station to the Southern District of Ohio, which could create unnecessary practical issues.

Plaintiffs' arguments to the contrary are not persuasive. Plaintiffs argue that documents can be easily photocopied and transferred electronically, but do not dispute that their FOIA request is particularly voluminous such that photocopying and electronic delivery could create unnecessary expense. And although the Court agrees that Plaintiffs' choice of venue is entitled to substantial weight, *see Kay*, 494 F. Supp. 2d at 850, that fact is not dispositive. That fact is especially unconvincing in this case given that Plaintiff OSU's residence in the Southern District of Ohio appears to be the only connection between this forum and the subject matter of the litigation. *See, e.g., Mead*, 679 F .Supp. at 1466.

Other problems exist if this case remains in the Southern District. Plaintiffs allege that their FOIA request relates to documents received during discovery in the *Muñiz-Muñiz* litigation, which are subject to a protective order in that case. Practically speaking, Judge Zouhary (the presiding judge in *Muñiz-Muñiz*) is better equipped to interpret the protective order and decide when and how Plaintiffs can use documents from *Muñiz-Muñiz* in pursuing their FOIA request. Judge Zouhary also is better equipped to determine whether Plaintiffs are using their FOIA request to serve the public interest, as they claim, or as a strategic weapon to obtain information for use in the *Muñiz-Muñiz* litigation.

The Court agrees with Plaintiffs that this case presents different legal issues from the issues in *Muñiz-Muñiz*; however, a quick reading of Plaintiffs' complaint reveals significant

4

factual overlap between the two cases. Transfer therefore promotes judicial economy and mitigates the practical problems associated with the protective order in *Muñiz-Muñiz.*

Regarding the third and final factor of the § 1404(a) analysis, the Court again agrees with Defendant that the public interest weighs in favor of transferring this case. Plaintiffs allege that their FOIA request will reveal racial and ethnic profiling in communities located in the Northern District of Ohio. Individuals in those communities clearly have the most vested interest in accessing the documents Plaintiffs seek. Indeed, in alleging that the requested records are "of significant public concern," (ECF No. 1 ¶ 2), Plaintiffs cite *Muñiz-Muñiz* and an article from the Sandusky Register.

In light of the foregoing, the balance of convenience weighs strongly in favor of transferring this case to the United States District Court for the Northern District of Ohio. The Court accordingly **GRANTS** Defendant's motion to transfer venue.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to transfer venue (ECF No. 10) and transfers this case to the United States District Court for the Northern District of Ohio.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE